UNITED STATES of America,
Plaintiff—Appellee,

v.

Carlos MARTINEZ–GOMEZ, aka Augustin Gonzales Dias; aka Miguel Cruz Gomez; aka Carlos Martinez; aka Miguel Coronado–Gomez, Defendant—Appellant.

No. 00–50239.

D.C. No. CR–98–01233–MMM–1.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001.*

Decided May 15, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Carlos Martinez–Gomez appeals his conviction, following a conditional guilty plea, on one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm.

Martinez–Gomez collaterally attacks the prior deportation order upon which his conviction rested, contending that his expedited administrative removal under 8 U.S.C. § 1228 was an adjudication by a biased judge and should not be used against him in a subsequent criminal prosecution. This argument is foreclosed by

---

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

our recent decision in *United States v. Garcia–Martinez*, 228 F.3d 956 (9th Cir. 2000).

In *Garcia–Martinez*, the defendant challenged the use of his prior expedited administrative removal as an element of his § 1326 offense on the ground that the removal proceeding was conducted by an inherently biased adjudicator. *Id.* at 960. Rejecting this contention, we held that neither the institutional structure of the Immigration and Naturalization Service ("INS") nor the fact that the deciding INS officer regularly investigated and prosecuted immigration offenses established bias. *Id.* at 960–63. In light of this decision, Martinez–Gomez's first claim lacks merit.

Martinez–Gomez also contends that the district court improperly enhanced his sentence on the basis of prior convictions for aggravated felonies that were not charged in the indictment and proved beyond a reasonable doubt. This argument is barred by our recent decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000). In *Pacheco–Zepeda*, we held that, pursuant to *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the district court may consider prior aggravated felony convictions when sentencing a defendant under § 1326, even if such conduct has not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt. *Id.* at 414–45. Accordingly, the district court did not err in sentencing Martinez–Gomez to forty-six months.

AFFIRMED.